## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**UNITED STATES OF AMERICA**              Case No.  1:14-cr-0024-AT-1

-vs-

**Isaiah Jernigan**                       **Defendant's Attorney:**
                                          **Steven Sadow**

---

### JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count 3 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
| --- | --- | --- |
| 18 USC §§ 1591(a) and (b)(2) and 2 | Sex Trafficking of a Juvenile | 3 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$100** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.    XXX-XX-3192            Date of Imposition of Sentence: May 2, 2016
Defendant's Date of Birth:   1988
Defendant's Mailing Address: Robert A. Deyton Detention Facility
                             11866 Hastings Bridge Road
                             Lovejoy, GA 30250

Signed this the 3rd day of May, 2016.

AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons (BOP) to be imprisoned for a term of **139 MONTHS with credit to be given by the Bureau of Prisons for all time served since his arrest on September 6, 2014**.

The Court recommends the defendant be incarcerated at FCI Miami as the defendant does not represent a security threat that requires a higher BOP classification.

Defendant shall be allowed to use email if it is provided for prisoners in the facility where he is incarcerated.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _____
Deputy U. S. Marshal

1:14-cr-0024-AT-1: Isaiah Jernigan                                                                                                                Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 YEARS**.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall not possess a firearm as defined in 18 USC § 921.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

## SPECIAL CONDITIONS

The Periodic Drug Testing mandated by the Violent Crime Control and Law Enforcement Act of 1994 is hereby suspended. The Court finds that this offense is not drug related, and this defendant has no current or past history of substance abuse.

The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

The defendant shall submit to a search of her person, property (real, personal or rental), residence, office, and/or vehicle, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

The defendant shall make a full and complete disclosure of finances and submit to an audit of financial documents, at the request of the United States Probation Officer.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer and unless the defendant is in compliance with the installment payment schedule.

The defendant shall make monthly restitution payments in the amount of $100 plus 25% of gross income in excess of $2,300 per month. The Probation Officer shall have the discretion to reduce the monthly payment amount based on the defendant's income.

Pursuant to 42 U.S.C. § 14135a(d)(1) and 10 U.S.C. § 1565(d), which requires mandatory DNA testing for federal offenders convicted of felony offenses, the defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant, as a convicted sex offender, shall (A) register where he resides, where he is an employee, and where he is a student, and for the initial registration, he also shall register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence; (B) provide information required by 42 U.S.C. § 16914; and (C) keep such registration current for the full registration period as set forth in 42 U.S.C. § 16915.

The defendant may have access to a computer and the internet for purposes of employment. The defendant may also have access to a computer and the internet in his personal life subject to the Probation Officer's conditions. The defendant may also have access to a computer for other instances as deemed appropriate by the Probation Officer.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

1:14-cr-0024-AT-1: Isaiah Jernigan                                                                 Page 5 of 6

**FINE**

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration. The Court will waive the fine and cost of incarceration in this case.

1:14-cr-0024-AT-1: Isaiah Jernigan                                                                                            Page 6 of 6

## RESTITUTION

The defendant shall make restitution to the following persons in the following amounts:

| Name of Payee | Amount of Restitution |
|---|---|
| JV2<br>(to be identified under separate cover to the Clerk's Office) | $1,300 |
| JV3<br>(to be identified under separate cover to the Clerk's Office) | $25 |

This restitution requirement is <u>not</u> imposed jointly and severally with any of the co-defendants in this case. Defendant shall be responsible for the entire amount of the above restitution.

The defendant shall make restitution payments from any wages he may earn in employment before beginning his period of incarceration and while he is on supervised release. No payments for the restitution shall be taken from any wages he may earn in prison.

The defendant shall pay restitution that has not been paid in full in monthly installments of $100 plus 25% of gross income in excess of $2,300 per month. The Probation Officer shall have the discretion to modify the monthly payment amount based on the defendant's income.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.